# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE S. EWING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13CV71 LMB |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 517914), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee [Doc. #5]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.37. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order plaintiff to file an amended complaint on a court-provided form.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $26.83, and an average monthly balance of $20.10. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.37, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at SECC, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Ian Wallace (Warden); T. Vandergriff (Captain); Unknown Hopkins (Correctional Officer); R. Lincoln (Correctional Officer); Unknown Tyler (Correctional Officer); Unknown Boyet (Correctional Officer); Unknown Robinson (Correctional Officer); D. Gibson (Nurse, Corizon, Inc.); D. Nix-Deagan (Nurse, Corizon, Inc.); and J. Derring (Mental Health Professional, Corizon, Inc.).

Plaintiff asserts that on April 9, 2013, he tried to commit suicide by attempting to hang himself in his Administrative Segregation cell. Plaintiff claims he was then placed on "Full Suicide Watch" by defendant Vandergriff. Plaintiff states that defendant Vandergriff ordered that he be placed in a cell without any clothing or bedding, not even a security smock, subjecting him to cruel and unusual punishment under the Eighth Amendment. Plaintiff claims that these actions were approved by defendant Derring, the Mental Health Professional at SECC.

Plaintiff states that even though he was under "Full Suicide Watch," on April 13, 2013, defendants Tyler and Boyet, placed multiple sheets in his cell, failing to protect plaintiff from harm. He asserts that as a result of having access to sheets, plaintiff again attempted suicide by hanging.

Plaintiff asserts that Control Room Officer, defendant Robinson, who was charged with observing the cameras in "close observation," failed to intervene in a timely manner when plaintiff attempted suicide.

Plaintiff additionally states that defendant Lincoln, defendant Tyler's supervisor, acted unlawfully by failing to protect plaintiff from defendant Tyler's actions. Although plaintiff has not made any explicit allegations against defendant Wallace, it appears that he has named defendant Wallace in this action in an attempt to find him liable due to his supervisory liability over the other correctional defendants.

Plaintiff asserts that defendants Vandergriff and Hopkins failed to protect plaintiff when they assigned defendant Tyler to "close observation" of plaintiff even after the April 13, 2013 incident, resulting in defendant Tyler "attempting to coerce, intimidate, harass and threaten plaintiff" to blame the incident solely on defendant Boyet.

Plaintiff further claims that defendants Boyet, Robinson, Lincoln, Tyler, Vandergriff and Hopkins acted unlawfully when they failed to report the April 13, 2013 incident as "offender abuse" in accordance with the Missouri Statutes.

Last, plaintiff claims that nurses Gibson and Nix-Deagan were deliberately indifferent to his serious medical needs when they gave him "zero treatment for neck injury or neck and back pain" after he attempted suicide on April 13, 2013.

## Discussion

The Court has reviewed the complaint under 28 U.S.C. § 1915and believes that, although plaintiff may be able to assert a claim based upon the denial of his Constitutional rights, he has failed to state a claim upon which relief may be granted at this time, because the complaint is silent as to whether he is suing the named defendants in their official and/or individual capacities.

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint on a Court form, setting forth the capacity (i.e., official and/or individual) in which he is suing each of the named defendants. Moreover, because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time. Plaintiff is reminded that his amended complaint will supersede his original complaint and will be the only complaint this Court reviews. Thus, plaintiff must include in the "Caption" of the amended complaint the names of all defendants he wishes to sue in this action; in the "Statement of Claim," he must set out, in separate numbered paragraphs, specific facts against each named defendant, and he must state whether he is suing each defendant in his individual and/or official capacity; and in the "Relief" section, he must briefly set out what he wants the Court to do for him. Plaintiff must also sign the amended complaint.

Because plaintiff will be filing an amended complaint before this Court, the Court will deny his pending motions, without prejudice, at this time.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.37 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

---

[1]Plaintiff has filed various motions for discovery and for joinder, as well as a request for temporary restraining order. Discovery cannot commence prior to this Court's review of plaintiff's pleadings under 28 U.S.C. § 1915 and service of process on defendants. Moreover, plaintiff will not be allowed to amend his pleadings in a piecemeal fashion through multiple requests for "joinder." All of his allegations against all of the parties he wishes to bring claims against must be brought in the amended complaint. Plaintiff's summary request for temporary restraining order will also be denied without prejudice, as plaintiff seeks a broad order from this Court, without any accompanying facts or caselaw, restraining the ten (10) named defendants, who work at plaintiff's place of incarceration, from "coming within 500 yards of the plaintiff in this cause." Plaintiff has not argued properly for a restraining order in this Court, pursuant to <u>Dataphase Sys. v. CL Sys.</u>, 640 F.2d 109, 113-14 (8th Cir. 1981). As such, his request will be denied.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this Order, in accordance with the specific instructions set forth above.[2]

**IT IS FURTHER ORDERED** that plaintiff's motions for extension of time, his motions for joinder and to amend, his motion to produce, his motion to add party, his motion for appointment of counsel, and his motion for temporary restraining order [Doc. #2, #3, #7, #8, #12 and #13] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff the Court's form for filing a complaint pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice and without further notice to him.

Dated this <u>26th</u> day of August, 2013.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[2]For his amended complaint, plaintiff shall use the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983.