# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | |
|---|---|
| JERMAINE S. EWING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:13CV71 LMB |
| | ) |
| IAN WALLACE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's amended complaint. After reviewing the complaint pursuant to 28 U.S.C. § 1915, the Court will partially dismiss the amended complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the amended complaint.[1]

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which

---

[1] On August 26, 2013, the Court ordered plaintiff to amend his complaint. Part of the reason the Court ordered plaintiff to amend his pleading was due to his attempt to amend his original complaint by interlineation through the filing of multiple motions and supplements. Thus, plaintiff was warned in the Court's Memorandum and Order that his amended complaint would supersede his original complaint. As such, his request to expand the record [Doc. #19], filed on September 18, 2013, with documents filed as supplements to his original complaint, will be denied.

relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's

conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Amended Complaint

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: George Lombardi (Director, Missouri Department Of Corrections ("MDOC"); Dave Dormire (Director, Division of Adult Institutions); Dwayne Kemper (Deputy Director, MDOC); Ian Wallace (Warden, SECC); William Stange (Assistant Warden, SECC); Terry Vandergriff (Captain); Unknown Hopkins (Correctional Officer); R. Lincoln (Correctional Officer, Supervisor); Leslie Tyler (Correctional Officer); Tina Boyet (Correctional Officer); Unknown Robinson (Control Room Officer); Cynthia Reese (Institutional Mental Health Services); John Derring (Mental Health Professional, Corizon, Inc.); Stephanie Kastings-Novack (Health Services Administrator, Corizon, Inc.); Ruth Taylor (Director of Nursing, Corizon, Inc.); Amanda Gibson (Nurse, Corizon, Inc.); Dana Nix-Deagan (Nurse, Corizon, Inc.); Michael Hakala (Doctor, Medical Director, Corizon, Inc.); Unknown Regional Medical Director (Corizon, Inc.); Unknown Senior Regional Vice President (Corizon, Inc.); Cheryl Dowdy-Thompson (Corizon, Inc.); Unknown Inspector General;

Unknown Regional Investigator Manager; Mississippi County Sheriff's Department; Omar Clark (Acting Warden, SECC).

Plaintiff asserts that on April 9, 2013, he tried to commit suicide by attempting to hang himself in his Administrative Segregation cell. Plaintiff claims he was then placed on "Full Suicide Watch" by defendant Vandergriff. Plaintiff states that defendant Vandergriff ordered that he be placed in a cell without any clothing or bedding, not even a security smock, subjecting him to cruel and unusual punishment under the Eighth Amendment. Plaintiff claims that these actions were approved by defendant Derring, the Mental Health Professional at SECC.

Plaintiff states that even though he was under "Full Suicide Watch," on April 13, 2013, defendants Tyler and Boyet placed multiple sheets in his cell, failing to protect plaintiff from harm. He asserts that as a result of having access to sheets, plaintiff again attempted suicide by hanging.

Plaintiff asserts that Control Room Officer, defendant Robinson, who was charged with observing the cameras in "close observation," failed to intervene in a timely manner when plaintiff attempted suicide.

Plaintiff additionally states that defendant Lincoln, defendant Tyler's supervisor, acted unlawfully by failing to protect plaintiff from defendant Tyler's actions. Plaintiff makes not other allegations against defendant Lincoln.

-4-

Although plaintiff has not made any explicit allegations against defendant Wallace, it appears that he has named defendant Wallace in this action in an attempt to find him liable due to his supervisory liability over the other Missouri Department of Corrections' defendants.

Plaintiff asserts that defendants Vandergriff and Hopkins failed to protect plaintiff when they assigned defendant Tyler to "close observation" of plaintiff even after the April 13, 2013 incident, resulting in defendant Tyler "attempting to coerce, intimidate, harass and threaten plaintiff" to blame the incident solely on defendant Boyet.

Plaintiff further claims that defendants Boyet, Robinson, Lincoln, Tyler, Vandergriff and Hopkins acted unlawfully when they failed to report the April 13, 2013 incident as "offender abuse" in accordance with the Missouri Statutes.

Plaintiff additionally states that nurses Gibson and Nix-Deagan were deliberately indifferent to his serious medical needs when they gave him "zero treatment for neck injury or neck and back pain" after he attempted suicide on April 13, 2013.

Last, plaintiff generally claims that the Mississippi County Sheriff's Department acted unlawfully when they served a warrant on plaintiff "denying him the equity of the law" on February 15, 2013. Plaintiff fails to provide the Court with any additional

information with respect to his claim, stating only that he believes that the warrant was the result of a "false probable cause statement."

**Discussion**

After reviewing the record in its entirety, the Court finds that plaintiff's claim that defendants Tyler and Boyet failed to protect him from harm on April 13, 2013 when they placed sheets in his cell after he had been placed on "full suicide watch" several days after he attempted suicide by hanging, states a claim against defendants in their individual capacities. The Court finds that plaintiff has additionally stated a claim against the control room camera officer, defendant Robinson, in his individual capacity, who allegedly failed to intervene/protect plaintiff when he attempted suicide on April 13, 2013.[2]

The Court does not believe, however, that plaintiff has stated a claim for relief against defendants Vandergriff and Derring, under the Eighth Amendment, for his placement in a security cell/suicide watch cell without any clothing immediately

---

[2]Plaintiff's claims against defendants in their official capacities, however, will be dismissed. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." <u>Id.</u> As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacities.

following his attempted suicide on April 9, 2013. There is no constitutional right not to be put in a cell without clothing or bedding, and he has not alleged that he was subjected to any atypical or significant hardship, or any of life's necessities, as a result of his stay in the suicide cell. See, e.g., Williams v. Delo, 49 F.3d 442 (8th Cir. 1995).

Plaintiff's assertions that defendants Vandergriff and Hopkins "failed to protect" plaintiff when they assigned defendant Tyler to "close observation" of plaintiff even after the April 13, 2013 incident, also fail to state a claim for relief. He asserts, generally, that defendant Tyler used this time to attempt to "coerce, intimidate, harass and threaten" plaintiff to blame the incident solely on Boyet. However, plaintiff does not state how this alleged conduct was unlawful or violated a federal law or the Constitution.

To state a failure to protect claim, plaintiff is required to allege that (1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew the inference, and (3) they failed to take reasonable steps to protect him. See Farmer v. Brennan, 511 U.S. 825, 836-38, 844 (1994). Plaintiff has not alleged that he was fearful for his safety as a result of defendant Tyler being assigned to observe him after he attempted suicide on April 13, 2013. Rather, he is merely asserting that defendant Tyler was

verbally attempting to coerce him into blaming the suicide attempt on Boyet. The Court cannot say that these facts substantiate a federal claim or constitutional violation.

Plaintiff's claims that defendants Boyet, Robinson, Lincoln, Tyler, Vandergriff and Hopkins acted unlawfully when they failed to "report" the April 13, 2013 incident as "offender abuse" in accordance with certain Missouri Statutes does not state claim under the Constitution. A federal court's inquiry is not whether prison regulation was violated but whether the Constitution was violated. Griffin-Bey v. Bowersox, 978 F.2d 455, 457 (8th Cir. 1992). Plaintiff has not made an allegation that defendants violated the Constitution with their alleged conduct. As such, his allegations fail to state a claim for relief under § 1983.

And plaintiff's assertions that nurses Gibson and Nix-Deagan were deliberately indifferent to his serious medical needs when they gave him "zero treatment for neck injury and back pain" after he attempted suicide fails to state a claim under the Eighth Amendment. For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct.

Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Cambreros v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Plaintiff's generalized allegations of back and neck pain simply do not show that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Accordingly, he has not stated a constitutional violation.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In the instant action, plaintiff has not set forth any non-conclusory facts indicating that any of the named supervisory defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with

respect to the supervisory defendants: George Lombardi; Omar Clark; Dave Dormire; Dwayne Kemper; Ian Wallace; William Stange; Cynthia Reese; Stephanie Kastings-Novack; Ruth Taylor; Michael Hakala; Unknown Regional Medical Director of Corizon, Inc.; Unknown Senior Regional Vice-President of Corizon, Inc.; Cheryl Dowdy-Thompson; Uknown Inspector General; and Unknown Regional Investigator Manager. See also, Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); Woods v. Goord, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

To the extent that plaintiff is attempting to bring a failure to protect/failure to train claim against defendant Lincoln in his supervisory capacity, he has failed to state such a claim for relief. As noted above, plaintiff has not made any allegations that defendant Lincoln had any first-hand knowledge of the personal events surrounding the allegations in plaintiff's complaint. Thus, he cannot be held liable for a failure to protect claim under a theory of respondeat superior. And a supervisor may only be liable under § 1983 for failing to properly train or supervise a subordinate if he: (1) had notice of a pattern of unconstitutional acts committed by subordinates; (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take

sufficient remedial action; (4) proximately causing injury to plaintiff. See City of Canton v. Harris, 489 U.S. 378, 390 (1989); Larson by Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir.1996).

A defendant may have notice that his training practices are inadequate by two means: (1) where the failure to train "is so likely to result in a violation of constitutional rights that the need for training is patently obvious," Larkin v. St. Louis Hous. Auth. Dev. Corp., 355 F.3d 1114, 1117 (8th Cir.2004), and (2) where a pattern of misconduct indicates that the defendant's responses to a regularly recurring situation are insufficient to protect constitutional rights. City of Canton, 489 U.S. at 390 (1989).

There are no allegations contained in the complaint that defendant Lincoln had any knowledge of a pattern of unconstitutional conduct by defendant Tyler, or any other correctional officer he supervised, relative to their conduct to those who were placed under suicide watch. As such, plaintiff claims against defendant Lincoln cannot survive review. Similarly, plaintiff has not made any allegations in his complaint against the Mississippi County Sheriff's Department. Accordingly, this defendant must also be dismissed from this action.[3]

---

[3]Even if plaintiff had made claims against the Sheriff's Department, his claims would be subject to dismissal. See, e.g. Ketchum v. City of West Memphis,

As for plaintiff's broad-based and conclusory allegations of a "conspiracy" against "all defendants" who were allegedly acting "in concert" with one another to "recklessly disregard" plaintiff's rights fails to state a claim for relief.[4] Plaintiff's conclusory allegations are insufficient to support a conspiracy claim. To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be

---

Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004).

[4]Additionally, a claim under 42 U.S.C. § 1985(3) requires proof of invidious discriminatory intent and a violation of a serious constitutional right that is protected from official and private encroachment. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993). The list of rights to which section 1985 applies is reserved to claims involving racial or class-based invidiously discriminatory animus. Id. Plaintiff's conclusory allegations are insufficient to support a conspiracy claim under § 1985. Moreover, plaintiff's addition of over twenty-five (25) governmental representatives undermines his conspiracy theory. See, e.g., Stone v. Baum, 409 F.Supp.2d 1164, 1176 (D.Ariz.2005) (stating that adding judges, prosecutors, and FBI as co-conspirator for failing to investigate at the plaintiffs' request "creates a snowballing effect which ironically threatens to destroy the conspiracy claim by raising questions of factual frivolousness, which exists when the facts alleged rise to the level of the irrational, fanciful, fantastic, delusional, or wholly incredible"). Because plaintiff's § 1985(3) claim fails, his § 1986 claim also fails. See, e.g., Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir.1981) (cause of action under § 1986 is dependent on valid claim under § 1985).

alleged, there must be something more than the summary allegation of a conspiracy. See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993). Plaintiff's allegations are nothing more than a "[t]hreadbare recital[] of a cause of action's elements" and are not entitled to an assumption of truth. Iqbal, 129 S. Ct. at 1949. Because there are no non-conclusory allegations that would show that the supervisory defendants ordered the correctional officers to impinge upon plaintiff's constitutional rights, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Twombly, 550 U.S. at 557; Iqbal, 129 S. Ct. at 1949.[5]

Plaintiff's motions for appointment of counsel, however, will be denied at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal

---

[5]Further, to the extent that plaintiff claims that defendants violated MDOC policies and procedures, this also fails to rise to the level of a constitutional violation. See Griffin-Bey, 978 F.2d at 457.

issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Plaintiff has so far articulated his claims in a meaningful and thoughtful manner before this Court. Although plaintiff states that he is in need of counsel to assist him with his claims, his pleadings before this Court show otherwise.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint as to plaintiff's claim that defendants Leslie Tyler and Tina Boyet failed to protect him from harm on April 13, 2013 when they placed sheets in his cell after he had been placed on "suicide watch." These claims shall be issued against defendants Leslie Tyler and Tina Boyet in their individual capacities only.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint as to plaintiff's claim that defendant Unknown Robinson failed to intervene/protect plaintiff when he attempted suicide on April 13, 2013. This claim shall be issued against defendant Unknown Robinson in his individual capacity only.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Leslie Tyler, Tina Boyet and Unknown Robinson shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint as to any of the named defendants in their official capacities as these claims are legally frivolous or fail to state a claim upon which relief may be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint as to defendants George Lombardi, Dave Dormire, Dwayne Kemper, Ian Wallace, William Stange, Terry Vandergriff, Unknown Hopkins, R. Lincoln, Cynthia Reese, John Derring, Stephanie Kastings-Novack, Ruth Taylor, Amanda Gibson, Dana Nix-Deagan, Michael Hakala, Unknown Regional Medical Director of Corizon, Inc., Unknown Senior Regional Vice President of Corizon, Inc., Cheryl Dowdy-Thompson, Unknown Inspector General, Unknown Regional Investigator Manager, Mississippi County Sheriff's Department, and Omar Clark because, as to these defendants, the amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's request to expand the record with attachments filed as supplements to his original complaint [Doc. #19] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Doc. #20 and #24] are **DENIED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this  6th  day of February, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE