**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JERMAINE S. EWING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13CV71 LMB |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon a myriad of motions filed by plaintiff. The Court will review each of plaintiff's motions in turn. Each of plaintiff's motions shall be denied, without prejudice.

**A.    Plaintiff's Motion for Joinder**

In his motion for joinder, plaintiff seeks to add claims relating to a September 2013 incident at SECC to his amended complaint. His claims center around an event that started with a medical issue that allegedly occurred on or about September 27, 2013 and later evolved to include correctional officers Spitzer, Kizer, Kline, Koch, Hancock and a nurse named Margaret Knox. Plaintiff claims appear to concern both deliberate indifference to his medical needs on that date, as well as an excessive force claim under the Eighth Amendment.

Rule 18(a) of the Federal Rules of Civil Procedure states:

A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

As such, multiple claims against a single party are valid. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). However, plaintiff is not attempting to join claims relating to claims currently before this Court in his amended complaint.

Instead, plaintiff's motion presents a situation where he seeks to join new, multiple claims against, not one, but six new defendants to an action wherein he has already made claims against twenty-five (25) other defendants. Indeed, it appears that plaintiff is attempting to cram almost every claim he might have ever had against every correctional officer he has come into contact with at SECC into one lawsuit. Such pleading practices are not allowed, especially in prisoner actions where there could be an incentive to avoid paying separate filing fees. See id. (district court should question joinder of defendants and claims in prisoner cases). Federal Rule of Civil Procedure 20(a)(2) is controlling and provides:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id.

Accordingly, plaintiff's motion for joinder will be denied. If plaintiff wishes to pursue the claims against the defendants outlined in his motion for joinder, he will have to file an entirely new action with this Court.

**B.     Motion for Change of Judge**

Plaintiff has submitted a motion for "change of judge pursuant to rule 51.05." This statement makes up the entirety of his motion before the Court. In other words, he has not provided any discussion or factual basis for a "change of judge" in this action.

It appears that plaintiff is attempting to use a Missouri State Rule of Procedure in federal court. This is not allowed. As he has not presented any

proper grounds to seek a new judge in this Court, his motion will be summarily denied.

**C.** **Motion to Admit Probative Evidence**

In his "motion to admit probative evidence," plaintiff seeks to supplement his amended complaint with a "grievance appeal response" and a declaration from plaintiff allegedly "describing the deliberate indifference" of Dwayne Kemper. As plaintiff has been told in a prior Memorandum and Order, the Court does not accept amendments by interlineation, and he cannot use "motions to submit evidence" as a guise to supplement his pleading.

Additionally, the Court does not allow discovery materials to be filed with the Court. See Local Rule 26-3.02. As such, plaintiff's motion to "admit probative evidence" will be denied.

**D.** **Request for Change of Division**

Plaintiff requests a change of "division" from the Southeastern Division of this Court to the Eastern Division of this Court. As plaintiff is currently incarcerated in the Southeastern Division of the Court, his complaint was filed in that division, located in Cape Girardeau, Missouri.

Local Rule 3-2.07 addresses which division each case is assigned to. Pursuant to Local Rule 3-2.07(B)(2), "If at least two of the defendants reside in

different divisions, such action shall be filed in any division in which one or more

of the defendants reside, or where the claim for relief arose."

Plaintiff has named twenty-five (25) persons as defendants in this action.

Thus, this is a "multiple defendant action" under the Local Rule. Plaintiff is

correct in stating that at least two of the defendants reside in different divisions of

this Court. Thus, the Court has determined that the case should be filed where the

claim for relief arose.

Plaintiff's claims arose in the Southeastern Division of this Court, at SECC,

in Charleston, Missouri. Plaintiff has not made any factual arguments as to why

the case should be moved to a different division in this Court. As such, his motion

to change the division of this matter will be denied.

**E.      Request for Court Intervention in Prisoner Account**

Plaintiff motions for Court intervention in MDOC's removal of court fees

from his prisoner account. He claims, in a general manner, that MDOC is

violating the law by "forwarding funds from plaintiff's account that do not exceed

$10.00."

Plaintiff has not demonstrated such behavior to this Court. In fact, the

Court has reviewed the last prisoner account statement submitted by plaintiff in

this case and finds no merit in his contention.  As a result, plaintiff's motion for intervention will be denied.

**F.      Motion for Judicial Oversight at SECC**

In his request for "judicial oversight," plaintiff seeks what appears to be a mandatory injunction from this Court overseeing the "Suicide Intervention Practices" at SECC.  As plaintiff was told in the Court's August 26, 2013 Memorandum and Order, if he intends to seek a restraining order or injunction in this matter, he must properly brief the matter under the standards set forth in Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981).  However, until then, his broad and conclusory request that the Court simply "look into" the allegations in plaintiff's complaint, by way of a motion before this Court, must be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for change of judge [Doc. #21] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for joinder [Doc. #23] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to submit probative evidence [Doc. #25] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion judicial oversight at SECC [Doc. #26] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for change of venue [Doc. #27] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to intervene in his prisoner account [Doc. #28] is **DENIED** without prejudice.

Dated this <u>6th</u> day of February, 2014.


                                    _____

                                    STEPHEN N. LIMBAUGH, JR.
                                    UNITED STATES DISTRICT JUDGE