## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

JERMAINE S. EWING,         )
                                    )

            Plaintiff,         )
                                    )

            v.             )        No. 1:13CV71 SNLJ
                                    )

LESLIE TYLER, et al.,         )
                                    )

            Defendants,      )

## MEMORANDUM AND ORDER

Before the Court is defense counsel's waiver letter, dated April 3, 2014. *See* Docket No. 36. Because matters set forth in the waiver letter may indicate a need for a stay in this case against one of the named defendants pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. § 502 *et seq*., the Court will require defense counsel to provide the Court with additional information forthwith.

### Background

Plaintiff, an inmate currently incarcerated at Missouri Eastern Correctional Center ("MECC"), brought the instant action pursuant to 42 U.S.C. § 1983 against defendants Leslie Tyler, Tina Boyet and Unknown Robinson for alleged injuries he received while he was incarcerated at Southeastern Correctional Center ("SECC"). Defendants are all correctional officers at that facility.

Plaintiff states that on April 13, 2013, after being placed on full suicide watch after an attempted suicide four days prior, defendants Tyler and Boyet placed sheets in his cell and failed to protect him from harm. He claims that defendants knew that he had tried to

commit suicide by hanging just four days prior and that he had been placed in a cell without any clothing or bedding as a precaution by defendants' supervisors. Plaintiff asserts that when defendants provided him with sheets and failed to protect him from harm, he again tried to commit suicide by hanging and the control room officer, defendant Robinson, who was charged with observing the cameras in "close observation," failed to intervene in a timely manner when plaintiff attempted suicide.

## Discussion

In his April 3, 2013, letter to this Court, Assistant Attorney General H. Anthony Relys indicated that he would waive service, and he has indeed filed an answer in this Court, on behalf of defendants Tina Boyet and Leslie Tyler. However, Mr. Relys declined to waive service on behalf of defendant "Unknown Robinson." In the waiver letter, Mr. Relys stated that he believes defendant "Unknown Robinson" may be Brian Robinson, a correctional officer employed at SECC, "[h]owever, Mr. Robinson is currently on military leave."

Under the Servicemembers Civil Relief Act, 50 App. U.S.C. § 525, a servicemember may be entitled to a stay of an action or proceeding for the period of military service and 90 days thereafter, or for any part of that period. Furthermore, there are some instances under the statute where a court can, in its discretion, stay an action for codefendants who may be secondarily liable in obligation or performance to the servicemember. *See* 50 App. U.S.C. § 513 and § 525.

However, the Court cannot enter a stay against defendant Robinson in this case without additional evidence. First, the Court must be satisfied that defendant "Unknown

2

Robinson," is indeed "Brian Robinson," as identified by defense counsel Relys. Thus, the Court needs counsel Relys to produce evidence that Brian Robinson was in fact the control room officer on April 13, 2013, at the time plaintiff states that he allegedly attempted suicide by hanging at SECC.

Second, assuming that Brian Robinson is, in fact, the proper defendant in this action, the Court would like for defense counsel to provide evidence of Mr. Robinson's military service. The Court would like, if possible, dates of service, the branch of service Mr. Robinson is currently serving in, and where he is currently serving if that information is known to defense counsel. If counsel is aware of how long Mr. Robinson is expected to be deployed, as well as his expected return to work date, the Court would also like that information as well. This information will be used by the Court to determine whether a stay in this case is appropriate under the Servicemembers Civil Relief Act.

Last, counsel should provide the Court with Mr. Robinson's last known home address. If there is a question regarding Mr. Robinson's military service, the Court may have to attempt service of process on Mr. Robinson's last known address in order to determine whether or not valid service may be had there. Fed.R.Civ.P.4. By its terms, the Servicemembers Civil Relief Act does not exempt persons in the Armed Forces from the service of civil process during their period of military service. Rather, it seems only to protect a litigant in military service after an action has begun. *See Greco v. Renegades, Inc.*, 761 N.Y.S.2d 426 (N.Y. A.D. Dept. 4. 2003).

Accordingly,

**IT IS HEREBY ORDERED** that defense counsel H. Anthony Relys shall provide the Court, within thirty (30) days of the date of this Memorandum and Order, the following: (1) evidence that Brian Robinson was in fact the control room officer on April 13, 2013, at the time plaintiff states that he allegedly attempted suicide by hanging at SECC; (2) information in accordance with this Memorandum and Order regarding Brian Robinson's current military service, as required for a stay of this action against him, pursuant to the Servicemembers Civil Relief Act; and (3) Brian Robinson's last known home address. Counsel may file his response under seal.

Dated this 16th day of May, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE