UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| JERMAINE S. EWING, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:13CV71 SNLJ |
| LESLIE TYLER, et al., | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to compel (#52), motion to set aside (#53), motion for declaratory judgment (#57), and motion for default judgment (#64).

Plaintiff is a prisoner in the Missouri Department of Corrections. Plaintiff filed this lawsuit pro se, alleging violation of his constitutional rights when defendant prison guards supplied plaintiff with bed sheets while he was on suicide watch, and plaintiff subsequently attempted suicide using those sheets. Plaintiff's motion to compel (#52) seeks production of videos, chronological logs, individual confinement record, close observation logs, and mental health records. Plaintiff does not state in his motion that he attempted to confer in good faith with defendants prior to filing his motion in accordance with Federal Rule of Civil Procedure 37(a)(1). Local Rule 37-3.04 states that "The Court will not consider any motion relating to discovery and disclosure unless it contains" such a statement; thus, the Court will not consider plaintiff's motion to compel. Because most

of the items plaintiff requests either do not exist or were provided to plaintiff by defendants in a show of good faith, the motion would be moot regardless.

Next is plaintiff's motion to set aside (#53) the dismissal of defendant Ian Wallace based on newly discovered evidence. Defendant Wallace was dismissed on February 6, 2014 (#29, 31). Plaintiff's complaint did not make any explicit allegations against defendant Wallace. It thus appeared plaintiff sought to hold Wallace liable for his supervisory actions over other Missouri Department of Corrections defendants. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Here, plaintiff alleges his rights were violated when he was provided with sheets while on suicide watch and subsequently used those sheets to attempt suicide. Wallace, as warden of the prison in which plaintiff is housed, was not directly involved in any of the facts going to alleged violations of his constitutional rights. Plaintiff states that "newly discovered evidence" shows that Wallace determined that an investigation into the incident was "not warranted at this time" according to an interoffice communication. Plaintiff states that Wallace's failure to investigate was in contravention of prison procedures. However, plaintiff has not shown any reason to hold the Warden responsible for the constitutional violation of which plaintiff complains. Wallace's after-the-fact investigation simply has no bearing on whether plaintiff's rights were violated when plaintiff was supplied with sheets while on suicide watch.

Plaintiff's motion for declaratory judgment (#57) actually contains additional arguments in favor of his motion to compel. He requests the production of certain

2

documents. It will therefore be held to the standard of a motion to compel, and it will be denied for the same reason the motion to compel (#52) is denied. Plaintiff does not state he conferred with the defendants before filing this motion to compel; moreover, it appears that the defendants have already produced the documents he seeks. In response to this motion, defendants explained that they had in fact located a video relevant to the incident described in the complaint and that they were in the process of securing plaintiff's access to the video.

Finally, plaintiff moves for a "default judgment" (#64). This, too, is a re-named motion to compel. It complains that the video relevant to the incident described in the complaint was edited. Plaintiff says that the video contradicts defendant Tyler's statements regarding what occurred with respect to his providing plaintiff with sheets. Plaintiff requests judgment be entered in his favor and that damages be awarded to him. Plaintiff's request for judgment will be denied. With respect to plaintiff's concerns regarding the authenticity of the video, plaintiff will have opportunity to present his facts and arguments relevant to the allegations when this matter is considered on the merits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel (#52), motion to set aside (#53), motion for declaratory judgment (#57), and motion for default judgment (#64) are **DENIED**.

Dated this 16th day of December, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE